1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10  DENNIS M. HASKIN,
                                    NO. CIV. S-05-1703 LKK/DAD
11
            Plaintiff,
12
        v.                                    O R D E R
13
    UNION PACIFIC RAILROAD
14  COMPANY,

15          Defendant.
    _____/
16

17       Defendant moves to amend the pretrial order so as to eliminate

18  any reference to plaintiff being struck in the head.  At issue are

19  three undisputed facts which include language about plaintiff being

20  struck in the head by the panel door in the locomotive cab in which

21  plaintiff was working.  See Pretrial Order issued January 12, 2007

22  pgs.  2:8-9;  2:13;  3:7-8.   Defendant  maintains  that  whether

23  plaintiff was hit in the head is a disputed fact, despite the

24  wording of the pretrial order.  For the reasons discussed herein,

25  the motion to amend is denied.

26       Under Federal Rule of Civil Procedure 16(e), the final

1   pretrial order "shall control the subsequent course of the action"

2   and "shall be modified only to prevent manifest injustice." Fed.

3   R. Civ. P. 16(e).  The purpose of the pretrial order is "to guide

4   the course of the litigation," and "[o]nce formulated, [it] should

5   not be changed lightly. . ." Fed. R. Civ. P. 16(e), Advisory

6   Committee Note.  A pre-trial order "is not an inexorable decree and

7   may, under proper circumstances, be modified." <u>Jeffries v. United</u>

8   <u>States</u>, 477 F.2d 52, 55 (9th Cir. 1973).

9       In the case at bar, a tentative pretrial order was issued

10   which contained the very wording which defendant now disputes.

11   Both parties were given ample time to object to the tentative

12   pretrial order.  Defense counsel failed to make any objection

13   regarding the statements about plaintiff being struck in the head.

14   It was only after trial had commenced that defense counsel sought

15   to amend the pretrial order.

16       Defense counsel informed the court that he acted carelessly

17   in failing to carefully read the tentative pretrial.  Counsel also

18   represented to the court that he unintentionally failed to add the

19   words "allegedly" into the undisputed facts section.  Defense

20   counsel's mistakes are not grounds to grant amendment under Rule

21   16.  Defendant has failed to establish how modification would

22   prevent "manifest injustice."  Although defendant is now precluded

23   from arguing that the door did not hit plaintiff, defendant may

24   still argue that there is no evidence of negligence and/or that

25   plaintiff was not injured when he was hit.  For these reasons,

26   ////

defendant's motion to amend under Rule 16 is DENIED.

      IT IS SO ORDERED.

      DATED: April 6, 2007.


                        LAWRENCE K. KARLTON
                        SENIOR JUDGE
                        UNITED STATES DISTRICT COURT